02D09-1906-CT-000373

Allen Superior Court 9

Filed: 6/28/2019 1:39 PM
Clerk
Allen County, Indiana
MC

| STATE OF INDIANA | ) | | IN THE ALLEN SUPERIOR COURT |
| --- | --- | --- | --- |
| | ) | SS: | |
| COUNTY OF ALLEN | ) | | CAUSE NO._____ |

NELSON HAWKINS,

    Plaintiff,

v.

PRAXAIR DISTRIBUTION, INC.,

    Defendant.

## COMPLAINT

Comes now Plaintiff, by counsel, and alleges against the Defendant as follows:

1. The Plaintiff is Nelson Hawkins, a resident of New Haven, Indiana at all material times to this Complaint.

2. The Defendant is Praxair Distribution, Inc., a company doing business at 1725 Edsall Avenue, Fort Wayne, IN 46803 and with a home office located at 7000 High Grove Blvd., Burr Ridge, IL 60527. At all material times to this Complaint, the Defendant was an "employer" for the purposes of the Americans with Disabilities Act, 42 U.S.C. § 12111 *et seq.* ("ADA"), and the Indiana Workers Compensation Act.

3. The Plaintiff filed a Charge of Discrimination, EEOC # 470-2019-00757, a copy of which is attached hereto, incorporated herein, and made a part hereof as Exhibit "A". The EEOC issued a Dismissal and Notice of Rights/Notice of Suit Rights on April 2, 2019, a copy of which is attached hereto, and made a part hereof as Exhibit "B". All administrative remedies have been exhausted and all jurisdictional pre-

1

requisites have been met for the filing of this lawsuit.

4. The Plaintiff was a hardworking and loyal employee of the Defendant from his date of hire until his wrongful termination on or about September 6, 2018. He performed with the reasonable expectations of the Defendant at all material times to this Complaint and held the position of Driver. Prior to 2018, the Plaintiff had no disciplinary actions against him, no customer complaints, and had not been involved in any job related driving accidents for which he was at fault. For the six (6) years preceding the Plaintiff's termination he handled his own delivery route, both while working for Defendant's predecessors, and while working for the Defendant.

5. On or about January 2, 2018, the Plaintiff suffered a work related injury when he slipped and fell on ice in a customer parking lot. The injury constituted a disability/perceived disability/record of impairment for the purposes of the ADA. In addition, the Plaintiff asserted his rights to workers compensation benefits relating to the injury, and was entitled to receive workers compensation coverage for the injury.

6. Shortly after the Plaintiff suffered the work related injury, the Defendant increasing the Plaintiff's workload, overloading him at work. They also failed to comply or adhere to the Plaintiff's medically ordered work restrictions. When the Plaintiff initially returned to work after being off from the injury he became responsible for the loading of his own truck, which had never been required of him prior to the injury. Eventually, due to the Defendant's failure to comply with the Plaintiff's

work restrictions, the Plaintiff reinjured himself and had to take additional time off of work around June 11, 2018 through August 13, 2018.

7. Plaintiff's request that the Defendant comply with his medically ordered work restrictions was a request for a reasonable accommodation under the ADA. His restriction included among other things a weight limit on how much he could lift. Another accommodation the Plaintiff requested was that he be provided assistance when loading the truck. Prior to suffering the work injury/disability/perceived disability the Plaintiff had always had a co-worker available to help with the loading.

8. The Plaintiff returned to work following the second work injury, on August 13, 2018. That morning his supervisor gave him a stack of orders containing twenty-three (23) stops. Before that date, the Plaintiff had never been asked to do more than twelve (12) to fifteen (15) stops in a single day, and the Plaintiff expressed his concerns about this change in workload, on August 17, 2018. The Defendant didn't change the workload, and furthermore didn't train the Plaintiff on how to go about covering the additional stops.

9. In early 2018, the Plaintiff discovered that the Defendant had a woman following him around on his truck route. On or about September 5, 2018 the Plaintiff met with that individual, and his supervisor about this. During the meeting, the supervisor and the woman told the Plaintiff that he was going to be suspended pending completion of an investigation and ordered to turn in all company property that he had been provided. The Plaintiff was accused of spending too much time

3

at one or more stops on his route, and for supposedly "stealing time" from the company by taking too long to complete his delivery route.

10. The Plaintiff was terminated on or about September 6, 2018. The proffered reason for termination was that the Plaintiff supposedly had been stealing time from the company, and allegedly "stealing overtime by taking too long to complete his delivery routes".

11. The Plaintiff contends that the proffered reason for termination was false and pretextual and that in reality he was discriminated against and retaliated against by the Defendant for asserting his rights to workers compensation benefits and/or on the basis of a disability/perceived disability/record of impairment. He further contends that the Defendant also violated his rights under the ADA by failing to grant him reasonable accommodations for his work injuries/disability and by the Defendant failing to engage in the interactive process with him.

12. The Defendant's wrongful, unlawful, discriminatory and/or retaliatory conduct was the direct and proximate cause of the Plaintiff suffering the loss of his job and job related benefits including income, and Defendant additionally subjected the Plaintiff to inconvenience, emotional distress, and other damages and injuries.

13. The Defendant's wrongful, unlawful, discriminatory and/or retaliatory conduct was intentional, knowing, willful, wanton, and in reckless disregard of the Plaintiff's federally protected rights under the ADA, as well as the laws and public policies of the state of Indiana. Imposition of punitive damages is appropriate.

WHEREFORE, Plaintiff respectfully requests judgment against the Defendant for compensatory damages, punitive damages, reasonable attorney's fees and costs, and for all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

CHRISTOPHER C. MYERS & ASSOCIATES

/s/ Christopher C. Myers
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:  (260) 424-0600
Facsimile:   (260) 424-0712
Email: cmyers@myers-law.com
*Attorney for Plaintiff*

NOV/30/2018/FRI 10:53 AM

EEOC Form 5 (11/09)

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 470-2019-00757 |

Equal Employment Opportunity Commission
and EEOC
State or local Agency, if any

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Nelson Hawkins | (260) 740-9818 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 9057 Landin Pointe Blvd. | New Haven, IN 46774 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| Praxair Distribution, Inc. | 1,000 + | (630) 320-4000 |

| Street Address | City, State and ZIP Code |
|---|---|
| 7000 High Grove Blvd. | Burr Ridge, IL 60527 |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| Praxair Distribution, Inc. | 100 + | (260) 423-4468 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1725 Edsall Avenue | Fort Wayne, IN 46803 |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN  ☐ Native American Eskimo/Alaskan Native from the Thirteenth Colony of Bering Strait Tribe

☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 01/09/18    Latest: 07/07/18

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. The Complainant is Nelson L. Hawkins, who at all material times of this Charge was a qualified employee with a serious health condition constituting a disability/perceived disability/record of impairment, who had been employed by the Respondent at all material times of this Charge. The Complainant contends that during his employment, the Respondent discriminated against him, retaliated against, refused to engage in the interactive process and denied him reasonable accommodations, ultimately and wrongfully terminating the Complainant on the basis of his disability/perceived disability/record of impairment in violation of the Complainant's federally protected rights under the American with Disabilities Act, 42 U.S.C.§ 12111 et. seq. ("ADA"). (In the alternative the Complainant contends that the Respondent discriminated against and retaliated against him in violation of his rights under the Indiana Workers Compensation Act).

II. The Respondent is Praxair Distribution, Inc., a company doing business at 1725 Edsall Avenue, Fort Wayne, Indiana 46803. At all material times to this Charge, the Respondent was an "employer" for the purposes for the ADA (and for the purposes of the Indiana Workers Compensation Act).

III. The Complainant was a hardworking and loyal employee of the Respondent, who began work in June, 2012, but was wrongfully terminated on or about September 6, 2018. He performed within the reasonable expectations of the employer at all material times of this Charge.

EXHIBIT A

P. 006
FAX No.
NOV/30/2018/FRI 10:50 AM

IV. Initially when the Complainant was hired (on about June 12, 2012) the Complainant's employment under owner Praxair, began on approximately June 26, 2016. Prior to 2018, the Complainant had no disciplinary actions against him, no customer complaints, and caused no accidents (although while working as a delivery driver, the Complainant's vehicle was on two occasions hit by other vehicles).

V. For the six years preceding the Complainant's termination, he had his own delivery route.

VI. On or about January 2, 2018, the Complainant was delivering to one of the Respondent's customers, Hessen Cassel Express. While carrying two propane tanks from his vehicle, the Complainant slipped and fell on the ice in the customer's parking lot. The Complainant promptly contacted the Respondent and reported the injury to Scott Stoner, who was Complainant's Supervisor. The Complainant then finished his day out.

VII. Over the next three days the Complainant's right shoulder and hip was hurting. He reported this to his manager Josh, who instructed the Complainant off until the following Monday and to let Josh know then how the Complainant was feeling after that. Over the weekend the Complainant continued to be in pain, which became severe enough to prompt him to go to a local Redimed, where x-rays were completed. He was found to have swelling in his shoulder and hip.

VIII. When the Complainant returned to work on Monday, he informed Josh what occurred over the weekend. The Complainant then was accompanied by Josh to a worker's comp physician on January 9, 2018. The Complainant attended subsequent workers comp medical appointments for his injuries.

IX. Shortly after the Complainant's work-related injury occurred, the Respondent began increasing the Complainant's work load and overloading him with work. They also failed to adhere to the Complainant's work restrictions. Upon Complainant's return to work he became responsible for loading his own truck, which he had never had to do before the injury. As a result, the Complainant reinjured himself and had to take time off of work around June 11, 2018 through August 13, 2018.

X. On about May 23, 2018, the Complainant received a text from his supervisor stating the Complainant's truck wasn't loaded. The Complainant was still under doctor's care for his shoulder injury, but told the supervisor he would do what he could to help. This went on for about two weeks. Finally, the Complainant went to the supervisor and told him he could not continue to load the truck because of his shoulder injury; the Respondent had on only one occasion during that proceeding two-week period provided the Complainant any assistance or accommodation for the loading the truck. Therefore, to load it the Complainant needed the use of a fork life, but because the Complainant was not certified to drive a fork lift, he had to get his co-workers who were certified to help with the loading. This caused the Complainant to start his routes late. Yet, in the preceding six years, there had always been a co-worker made available to load the Complainant's truck; he was no longer provided a loader though after receiving his work-related injury.

The Complainant returned to work on August 13, 2018 after being off for the second work related injury/reinjury. That morning his supervisor gave him a stack of orders that contained twenty-three stops. In the past the Complainant had never been asked to do more than twelve to fifteen stops in a single day. The Complainant expressed his concerns to the supervisor but was told just do the best he could and deal with it. This actually occurred on August 17, 2018. Respondent never gave the Complainant training on how to go about covering the extra stops.

XVII. The Respondent's discriminatory and retaliatory conduct furthermore was intentional, willful, knowing, wanton and in reckless disregard of the Complainant's rights under the ADA (and the laws and public policies of the state of Indiana prohibiting retaliation for asserting ones rights under the Indiana Workers Compensation Act). The Complainant is entitled to seek punitive damages from the Respondent as a result.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY — When necessary for State and Local Agency Requirements<br><br>*Lori K. Ka* (signature)<br><br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br>*Nelson Hawkins* (signature) |
| I declare under penalty of perjury that the above is true and correct.<br><br>11/29/2018     *Nelson Hawkins* (signature)<br>Date                  Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)<br><br>11/29/2018<br><br>LORI KAY KOLB<br>Seal<br>Notary Public - State of Indiana<br>Allen County<br>My Commission Expires Dec 20, 2024 |

02D09-1906-CT-000373

Filed: 6/28/2019 1:39 PM
Clerk
Allen County, Indiana
MC

Allen Superior Court 9

EEOC Form 151 (11/16)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Nelson Hawkins<br>9057 Landin Pointe Blvd.<br>New Haven, IN 46774 | From: | Indianapolis District Office<br>101 West Ohio St<br>Suite 1900<br>Indianapolis, IN 46204 |
|---|---|---|---|

| | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) |
|---|---|

| EEOC Charge No. | EEOC Representative<br>Marc A. Fishback,<br>Enforcement Supervisor | Telephone No. |
|---|---|---|
| 470-2019-00757 | | (317) 226-7017 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

- **NOTICE OF SUIT RIGHTS -**
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

For:

Michelle Eisele,
District Director

APR 0 2 2019

(Date Mailed)

Enclosures(s)

cc:
Amy Nixon
Praxair
2301 McGee Street, Suite 800
c/o Littler Mendelson P.C. - GSC
Kansas City, MO 64108

Christopher C. Myers
CHRISTOPHER C. MYERS & ASSOCIATES
809 S. Calhoun Street
Suite 400
Fort Wayne, IN 46802

EXHIBIT
B